BOYER, Chief Judge.
Petitioner has addressed his Petition for Writ of Certiorari to respondent’s ordei which revoked his dental laboratory registration certificate. His primary argument is that respondent is without statutory authority to promulgate standards for dental laboratory registrants.
The facts, as contained in the hearing officer’s report, are undisputed. Petitioner is currently the owner of Edgewater Dental Laboratory. In June of 1966, he pleaded guilty to an information charging him with the crime of illegal practice of dentistry, was adjudicated guilty, and sentenced to serve one year in prison. He received a full and complete pardon in 1968. In his application for dental laboratory registration, petitioner was asked whether he had ever been a party to a court proceeding involving any violation of a rule or statute governing the practice of any profession, and whether he had ever been convicted of any offense involving moral turpitude. He answered both questions in the negative.
As the hearing officer’s findings indicate, if either of the two questions had been answered in the affirmative, the executive director of the board would have forwarded the application to the members of the board for further action, and at least some members of the board would have voted not to issue the registration certificate. Petitioner’s application was “routinely” processed, and a certificate was issued by the Florida State Board of Dentistry in December of 1974.
Even though the hearing officer did not conclude that petitioner intentionally answered the questions incorrectly because he may have failed to read the questions carefully and may have been confused about the effect of his pardon, the hearing officer nevertheless concluded, and respondent agreed, that petitioner’s registration certificate should be revoked because the answers to the questions were erroneous, and “if the questions had been answered affirmatively, the application would have been processed differently, and may have been denied.”
The determinative issue is whether respondent had the authority to ask the questions which respondent answered incorrectly. The questions were drafted pursuant to Rule 21G-5.01, FAC, which provides that only applicants of good moral character shall be eligible for registration. It is clear that the rule must of necessity *346 be based on the statutes pertaining to dental laboratories (F.S. 466.5CM66.58). Examination of those statutes reveals no authority pursuant to which a rule such as Rule 21G-5.01 might be validly promulgated. Under the statutory system devised by the legislature, respondent may insist upon payment of a $10.00 fee and completion of the registration form. F.S. 466.52. There-is no statute which gives respondent authority to promulgate qualifications for dental laboratory registrants.
Respondent argues that the rule which petitioner challenges here is proper under respondent’s statutory duty to regulate and control all facets of the practice of professional dentistry. (F.S. 466.01) and its authority to promulgate rules. (F. S. 466.56) While it is true that respondent has the duty to regulate the practice of dentistry in the State, respondent’s powers cannot be interpreted to exceed those granted to it by the legislature. It is likewise true that while respondent has the power to promulgate rules, respondent is given statutory authority to promulgate only those rules necessary to enforce the provisions of Chapter 466. We have concluded that the legislature did not intend for dental laboratory registrants to be subject to standards of behavior as promulgated by respondent. The very use of the term “registration” as opposed to “license” is significant. We cannot find that the legislature’s use of the two terms is a distinction without a difference. In common usage, there is a great distinction between the two terms. Moreover,-within the provisions of Chapter 466 itself, dentists and dental hygenists must apply for and receive licenses, and are expressly required to prove that they are of good moral character. See F.S. 466.13 and 466.37. By requiring that dental laboratories only be registered, the legislature has insured that the stated object of the statute (the safeguarding of the public health by insuring that dental laboratories operate only upon written work orders of a licensed dentist) is met.
Finally, respondent asserts that its revocation of petitioner’s registration certificate can be affirmed on an independent basis. According to respondent, since the answers on petitioner’s application for registration, which were sworn to under oath, were erroneous and were relied on by respondent, the application was properly revoked. Respondent’s argument begs the question. Given our conclusion that the questions which petitioner erroneously answered could not have been validly asked in the first place, it would be anomalous indeed for us to affirm the revocation of petitioner’s registration certificate on the basis that he erroneously answered the improperly posed questions. Whether we would have reached a different result if there had been a finding that petitioner intentionally and willfully answered the questions falsely would be pure speculation. In any event, the hearing examiner’s report, which was adopted by respondent, expressly declined to make such a finding.
Neither do we here opine as to whether respondent should be granted broader powers to regulate dental laboratories. Certainly all persons should be of good moral character: But as to which occupations such restrictions will be governmentally imposed is a legislative function, within the confines of the constitution.
Consequently, the Petition for Writ of Certiorari is granted with directions that respondent rescind its revocation of petitioner’s registration certificate.
SMITH, J., and HODGES, JOHN G., Associate Judge, concur.